**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JAMIEL VAUGHN,

    Plaintiff,

v.                                  Case No. 15-10907

STEVEN TOWNSEND,

    Defendant.

                                    /

**ORDER REQUIRING CONSULTATION**

On November 20, 2015 the court was to hold a status conference with the parties to this litigation. The notice for that status conference stated in all capital letters that the conference was to be held in "THE US DISTRICT COURT IN PORT HURON, MI." (Dkt. # 15.) As he was directed, counsel for the Plaintiff, Mr. Randall Upshaw, appeared at the district court in Port Huron. No representative for the Defendant appeared at the status conference, apparently because of counsel's failure to read the notice posted to ECF. Instead, Mr. Patrick Cunningham, one of Defendant's attorneys of record and counsel at the City of Detroit Law Department, appeared 50 miles away, at the district court in Detroit.

Federal Rule of Civil Procedure 16(f)(1)(A) gives federal courts the authority to issue sanctions "on motion or on its own . . . if a party or its attorney fails to appear at a scheduling or other pretrial conference." Specifically, a court may order the offending party "to pay the reasonable expenses . . . incurred because of any noncompliance." Fed. R. Civ. P. 16(f)(2). Upon the court's request, Mr. Upshaw informed the court that his travel time and court appearance totaled approximately three hours.

The court's notice was clear and unambiguous, and Mr. Upshaw expended considerable time in traveling to Port Huron for the status conference. Accordingly,

IT IS ORDERED that the City of Detroit Law Department shall MEET AND CONFER, either in person or by telephone, with counsel for Plaintiff on the question of the needless expenditure of Plaintiff's counsel's time, and both counsel shall attempt to resolve the question by agreement. Defendant's counsel shall make every reasonable effort, **before the final pretrial conference scheduled for Monday, February 1, 2016,** to file a notice that such meeting has been accomplished and if agreement resulted. The details of any such agreement need not be revealed.  In the event that no agreement is reached, Defendant's counsel shall so state. The court will thereafter take such action as appears appropriate at that time.

                                               s/Robert H. Cleland
                                               ROBERT H. CLELAND
                                               UNITED STATES DISTRICT JUDGE

Dated:  January 29, 2016


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 29, 2016, by electronic and/or ordinary mail.

                                               s/Lisa Wagner
                                               Case Manager and Deputy Clerk
                                               (313) 234-5522

C:\Users\wagner\AppData\Local\Temp\notesDF63F8\15-10907.VAUGHN.sanction.smq.RHC.v2.wpd